Filed 10/21/24  P. v. Clayborn CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B330084 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA388223) |
| v. | |
| RICHARD DEAN CLAYBORN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

## INTRODUCTION

In 2017, Richard Clayborn pleaded no contest to one count of first degree murder under Penal Code section 187, subdivision (a), and further admitted a criminal street gang special circumstance allegation under section 190.2, subdivision (a)(22).[1] He was sentenced to life in prison with no possibility of parole. In 2023, Clayborn filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] The superior court summarily denied his petition without appointing counsel or issuing an order to show cause. We reverse and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Information and the Plea*

While serving time in prison, Clayborn and seven codefendants were charged with the murder of another inmate, Jonathan Najera, "with malice aforethought" (§ 187, subd. (a)(1); count 1) and conspiracy to commit murder (§ 182, subd. (a)(1); count 2). As to count 1, the information alleged the murder was committed by means of lying in wait (§ 190.2, subd. (a)(15)) and the defendants intentionally killed the victim while they were active participants in a criminal street gang (§ 190.2, subd. (a)(22)). As to both counts, the People alleged the offenses

---

[1]    All further references are to the Penal Code.

[2]    Section 1170.95 was renumbered section 1172.6 effective June 30, 2022. We refer to the current section number in this opinion.

were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(c)).

The information further alleged Clayborn and his codefendants committed overt acts in furtherance of the conspiracy, including that they discovered statements by the victim to law enforcement implicating two of the codefendants in a gang-related shooting; Clayborn wrote a jail letter ordering the victim's death; and the codefendants orchestrated a distraction in the Men's Central Jail, while two of the codefendants beat and strangled the victim to death.

In 2017, pursuant to a negotiated plea agreement, Clayborn pleaded no contest to count 1 for first degree murder and admitted the section 190.2, subdivision (a)(22), gang-murder special circumstance allegation. Clayborn's trial counsel concurred in the plea and stipulated to a factual basis for the plea based on the police report and preliminary hearing transcript in the case. The superior court dismissed the conspiracy count, the lying-in-wait special circumstance allegation, and the criminal street gang sentencing enhancement. As part of the negotiated plea, the court sentenced Clayborn to life in prison without the possibility of parole.

B.     *The Petition for Resentencing*

In 2023, Clayborn filed a form petition for resentencing under section 1172.6. He checked the boxes indicating: (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) he could not presently be convicted of murder under the

3

changes made to sections 188 and 189, effective January 1, 2019. Clayborn also requested the court appoint counsel.

The superior court summarily denied his petition at the prima facie stage without appointing counsel or requesting briefing. It determined Clayborn was not eligible for relief because his admission to the gang-murder special circumstance allegation meant he admitted he had the intent to kill.

Clayborn timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony murder rule by amending sections 188 and 189. (See *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Reyes* (2023) 14 Cal.5th 981, 984.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony murder rule in section 189, subdivision (e). The latter provision now requires the People to prove the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (§ 189, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2. (See § 189, subd. (e)(3); *People v. Curiel* (2023)

4

15 Cal.5th 433, 448 (*Curiel*); *People v. Wilson* (2023) 14 Cal.5th 839, 868-869.)

Senate Bill No. 1437 also provided a procedure in section 1172.6 for an individual convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under the changes to sections 188 and 189.  (See *Lewis, supra*, 11 Cal.5th at p. 959.)

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the petitioner has filed a facially sufficient petition.  The sentencing court must then appoint counsel to represent the petitioner upon his or her request, allow briefing, and hold a hearing to determine whether the petitioner has made a prima facie case for relief.  (See *Lewis, supra,* 11 Cal.5th at p. 963; see also § 1172.6, subds. (b)-(c).)  Thus, the statute sets out the following sequence:  "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination."  (*Lewis,* at p. 966.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for [former] section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his

5

or her factual allegations were proved.  If so, the court must issue an order to show cause.'"  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citation.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'"  (*Lewis, supra,* 11 Cal.5th at p. 971; accord, *Curiel, supra*, 15 Cal.5th at p. 463.)  The Supreme Court confirmed the "'prima facie bar was intentionally and correctly set very low.'"  (*Lewis,* at p. 972.)

We independently review the superior court's prima facie determination under section 1172.6.  (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)  Any error occurring at the prima facie stage is subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818.  (See *Lewis, supra*, 11 Cal.5th at p. 974.)  *Watson* directs that we ask whether, without the error, it is reasonably probable the petition would not have been summarily denied.  (See *ibid.*)

B.      *Analysis*

Clayborn argues, the Attorney General concedes, and we agree the superior court erred when it denied Clayborn's section 1172.6 petition without appointing counsel.  Clayborn filed a facially sufficient petition alleging he was eligible for relief under the requirements of section 1172.6, subdivision (a):  (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory

under which malice is imputed; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) he could not presently be convicted of murder under the changes made to sections 188 and 189, effective January 1, 2019. The superior court was required to appoint counsel and provide the opportunity for briefing in this case. (See *Lewis, supra,* 11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel"]; § 1172.6, subd. (b)(3) [upon receiving a compliant petition, "if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner"].)

The Attorney General argues, however, the error was harmless because the record of conviction shows as a matter of law Clayborn was prosecuted solely under a direct aiding and abetting theory of murder, which remains a valid theory after Senate Bill No. 1437.[3] "'One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law.'" (*People v. Vargas* (2022) 84 Cal.App.5th 943, 953.)

The Attorney General contends the information outlines the overt steps Clayborn and his codefendants took to plan Najera's murder, demonstrating Clayborn was prosecuted under a theory of direct aiding and abetting. While a petition for

---

[3] The Attorney General does not defend the superior court's reason for denying Clayborn's petition, i.e., that Clayborn's admission to the section 190.2, subdivision (a)(22), gang-murder special circumstance allegation meant he had the intent to kill and was ineligible for relief as a matter of law. (See *Curiel, supra,* 15 Cal.5th at pp. 460-463 [a jury's finding of intent to kill under section 190.2, subdivision (a)(22), does not alone establish a defendant is ineligible for section 1172.6 relief].)

7

resentencing may be summarily denied when the "the record conclusively establishes every element of the [homicide] offense" under a valid theory (*Curiel, supra*, 15 Cal.5th at p. 463), the conspiracy count allegations in the information were neither proved nor admitted and were dismissed.  As stated, Clayborn pleaded no contest to first degree murder and admitted the section 190.2, subdivision (a)(22), gang-murder special circumstance allegation.  Clayborn's generic plea of no contest to first degree murder did not mean he admitted to aiding and abetting first degree murder.  (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 338 (*Estrada*) [defendant's "generic plea does not make him ineligible for relief at the prima facie stage as a matter of law"]; *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [defendant did not admit or stipulate to any particular theory of murder by entering a general plea].)

Further, the information generically charged Clayborn with first degree murder, which would have allowed the prosecution to proceed on a theory of murder under the natural and probable consequences doctrine.  (See *People v. Contreras* (2013) 58 Cal.4th 123, 147 [accusatory pleading need not "specify the theory of murder on which the prosecution relies at trial"]; *People v. Thomas* (1987) 43 Cal.3d 818, 829, fn. 5 ["it has long been the law in this state that an accusatory pleading charging murder need not specify degree or the manner in which the murder was committed"].)  Under these circumstances, the allegations in the information do not demonstrate as a matter of law that the prosecution proceeded solely on a theory of direct aiding and

abetting.[4] (See *Estrada, supra,* 101 Cal.App.5th at p. 339 ["a charging decision does not establish any facts as a matter of law"].)

As stated, under *Lewis* """the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.""" (*Lewis, supra,* 11 Cal.5th at p. 971; accord, *Curiel, supra,* 15 Cal.5th at p. 463.) Clayborn's petition met the "very low" standard for a section 1172.6 petition by alleging the necessary requirements. (*Lewis,* at p. 972 ["'prima facie bar was intentionally and correctly set very low.'"].) Accordingly, because the People did not present anything in the record of conviction contradicting his allegations, Clayborn is entitled to an evidentiary hearing.

## DISPOSITION

The order summarily denying Clayborn's petition for resentencing is reversed. On remand, the superior court is

---

[4] To the extent the Attorney General contends the post-sentence report forecloses Clayborn's eligibility for relief under section 1172.6 because it establishes the facts underlying the crime, we decline to rely on a report that is not part of the record of conviction. (See *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1209, fn. 3 ["We decline to rely on the facts stated in the probation report because they are not part of the record of conviction."].)

directed to appoint counsel and to hold further proceedings under section 1172.6, subdivision (d).


MARTINEZ, P. J.

We concur:


SEGAL, J.


FEUER, J.

10